**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

PATRICIA EDMONDS,

        Plaintiff,

vs.                                                         Case No.  3:12-cv-1129-J-JRK

CAROLYN W. COLVIN,[1]
Acting Commissioner of Social Security,

        Defendant.
_____/

## OPINION AND ORDER[2]

### I. Status

Patricia Edmonds ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI").  Plaintiff alleges disability based upon "[b]ack problems, feet problems, right knee problems, fibroid tumor, blood pressure problems; right hand problems, poor circulation." Transcript of Administrative Proceedings (Doc. No. 12; "Tr." or "administrative transcript"), filed December 27, 2012, at 274.  On March 9, 2009, Plaintiff filed an application for DIB alleging an onset disability date of August 18, 2004. Tr. at 171-77.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.  Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 13), filed December 27, 2012; Reference Order (Doc. No. 15), signed December 28, 2012 and entered January 3, 2013.

Plaintiff subsequently amended this application on March 26, 2009, to reflect an onset date of January 10, 2009. Tr. at 178-89.  Also on March 26, 2009, Plaintiff filed an application for SSI alleging an onset date of January 10, 2009. Tr. at 180-85.  Plaintiff's applications were denied initially, see Tr. at 94-95, 98-103, and were denied upon reconsideration, see Tr. at 96-97, 105-10.

On January 26, 2011, an Administrative Law Judge ("ALJ") held a hearing at which Plaintiff and a vocational expert ("VE") testified. Tr. at 26-77.  At the time of the hearing, Plaintiff was fifty-one (51) years old. Tr. at 38.  The ALJ issued a Decision on February 24, 2011, finding Plaintiff not disabled through the date of the Decision. Tr. at 10-18.  On August 23, 2012, the Appeals Council denied Plaintiff's request for review, Tr. at 1-6, thereby making the ALJ's Decision the final decision of the Commissioner.  On October 17, 2012, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

Plaintiff argues on appeal that the ALJ erred in two ways. See Plaintiff's Brief (Doc. No. 17; "Pl.'s Br."), filed February 26, 2013, at 1.  First, Plaintiff argues the ALJ "erred in failing to articulate legitimate reasons for not crediting" the opinion of Lily S. Rocha, M.D. ("Dr. Rocha"), an examining physician. Pl.'s Br. at 1.  Second, Plaintiff contends the ALJ "erred in minimizing the combined effect of [Plaintiff's] knee condition and obesity . . . ." Id.

The undersigned addresses Plaintiff's first issue and finds the ALJ committed reversible error in discounting Dr. Rocha's opinion; therefore, this matter is due to be reversed and remanded for further consideration of the opinion.  Because the matter is due to be reversed and remanded on the first issue, and because the ALJ's further consideration of the opinion on remand may have an impact on the factual findings at which the second

issue is aimed, the second issue is not addressed herein. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

## II.  The ALJ's Decision

When determining whether an individual is disabled,[3] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004).  The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five step sequential inquiry. See Tr. at 12-18.  At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since January 10, 2009, the alleged onset date." Tr. at 12 (emphasis and citation omitted).  At step two, the ALJ found Plaintiff suffers from "the following severe impairments: mild osteoarthritis of the knee, diabetes mellitus, hypertension, and lumbago." Tr. at 12 (emphasis and citation

---

[3] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

omitted).  At step three, the ALJ ascertained Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 13 (emphasis and citation omitted).

The ALJ determined Plaintiff's residual functional capacity ("RFC") as follows:

> [Plaintiff] has the [RFC] to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) including the ability to lift and carry 20 pounds occasionally and 10 pounds frequently, stand and walk for 6 hours and sit for 6 hours in an 8 hour workday, and has unlimited push/pull abilities.  Additionally, [Plaintiff] can occasionally climb ladders, ropes, and scaffolds; can frequently balance and climb ramps and stairs, and can occasionally stoop, kneel, crouch, and crawl.  [Plaintiff] needs to avoid vibration and hazards.

Tr. at 13 (emphasis omitted).  At step four, the ALJ found Plaintiff "is capable of performing past relevant work as a cashier, retail sales clerk, waitress, and maid[,]" both as she actually performed them and as they are generally performed. Tr. at 17-18 (emphasis and citation omitted).  Because the ALJ found Plaintiff is capable of performing her past relevant work, the ALJ was not required to and did not proceed to step five.  The ALJ concluded that Plaintiff "has not been under a disability . . . from January 10, 2009, through the date of th[e D]ecision." Tr. at 18.

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)).  "Substantial evidence is something 'more than a mere scintilla, but

less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)).  The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).  The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

### IV. Discussion

Plaintiff contends that the ALJ failed to articulate adequate justification for not crediting Dr. Rocha's examination and functional assessment findings. Pl.'s Br. at 1, 8-15.  The undersigned first sets out the law as it relates to the handling of an examining physician's medical opinion, then summarizes Dr. Rocha's opinion, and lastly discusses the ALJ's findings with respect to the opinion.

An ALJ is required to consider every medical opinion.[4] See 20 C.F.R. §§ 404.1527(d),

---

[4] The Regulations establish a "hierarchy" among medical opinions that provides a framework for determining the weight afforded each medical opinion: "[g]enerally, the opinions of examining physicians are given more weight than those of nonexamining physicians[;] treating physicians'[] [opinions] are given more weight than [nontreating physicians;] and the opinions of specialists are given more weight on issues within the area of expertise than those of nonspecialists."

(continued...)

416.927(d) (stating that "[r]egardless of its source, we will evaluate every medical opinion we receive"). While "the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion," Oldham v. Schweiker, 660 F.2d 1078, 1084 (5th Cir. Unit B 1981) (citation omitted); see also 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2), "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefore[,]" Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011) (citing Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987)(per curiam)). "'In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" Id. (quoting Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981)). "[W]hen the ALJ fails to 'state with at least some measure of clarity the grounds for his decision,'" the decision will not be affirmed "'simply because some rationale might have supported the ALJ's conclusion.'" Id. (quoting Owens v. Heckler, 748 F.2d 1511, 1516 (11th Cir. 1984)).

Dr. Rocha examined Plaintiff on January 10, 2011 and on that same day, she authored a "Physical Residual Functional Capacity Questionnaire" and a narrative report. Tr. at 639-44 (questionnaire), 45-46 (narrative report) (some capitalization omitted). In her report, Dr. Rocha noted that Plaintiff was working four hours per day, but Plaintiff had difficulty standing due to right leg and knee pain. Tr. at 645. Plaintiff weighed 256 pounds, had elevated blood pressure, and had difficulty getting on and off the exam table because

---

[4](...continued)
McNamee v. Soc. Sec. Admin., 164 F. App'x 919, 923 (11th Cir. 2006) (unpublished) (citing 20 C.F.R. § 404.1527(d)(1), (2), (5)); see also McSwain v. Bowen, 814 F.2d 617, 619 (11th Cir. 1987) (per curiam) (citing Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986) (stating that an examining physician's opinion is not entitled to deference)); see also Crawford, 363 F.3d at 1160 (citation omitted).

of the right leg pain. Tr. at 645-46. Additionally, Plaintiff limped very badly, and heel to toe walking was impossible. Tr. at 646. Plaintiff's chief complaint was the serious discomfort in the right knee and leg. Tr. at 645.

In the Physical RFC questionnaire, Dr. Rocha indicated Plaintiff could sit for two hours and could stand and walk for less than two hours in an eight-hour workday. Tr. at 639-44. Dr. Rocha opined that Plaintiff could rarely lift and carry less than ten pounds, Tr. at 642, and that she would likely be absent from work more than four days per month because of her impairments or treatment, Tr. at 644.

The ALJ assigned "little to no weight" to Dr. Rocha's opinion, electing instead to give some weight to two 2009 opinions, one by an examining physician, and the other by a nonexamining state agency consultant. Tr. at 17; see Tr. at 384-87 (July 2009 opinion of examining physician Ericka Young, M.D.), 548-55 (December 2009 opinion of state agency consultant Edmund Molis, M.D.). Regarding the weight assigned to Dr. Rocha's opinion, the ALJ stated as follows:

> It is significant that [Plaintiff] underwent the examination that formed the basis of the opinion in question not in an attempt to seek treatment for symptoms, but rather, through attorney referral and in connection with an effort to generate evidence for the current appeal. Although such evidence is legitimate and deserves due consideration, the context in which it was produced is considered herein. While the undersigned has considered Dr. Rocha's opinion, little to no weight is assigned as it is not supported by the objective medical evidence or the record as a whole and conflicts with [Plaintiff's] current work activity wherein she stands and walks 3 to 4 hours.

Tr. at 17.

Plaintiff argues the ALJ's treatment of Dr. Rocha's opinion is flawed in three ways. Each will be addressed in turn. First, Plaintiff asserts that the ALJ impermissibly discredited

-7-

Dr. Rocha's opinion because it was procured by Plaintiff's counsel. Pl.'s Br. at 11. "An examining doctor's findings are entitled to no less weight when the examination is procured by [Plaintiff] than when it is obtained by the Commissioner." Lester v. Chater, 81 F.3d 821, 832 (9th Cir. 1995) (citation omitted). Indeed, the Court notes that it is generally a plaintiff's burden to prove disability, and a plaintiff cannot be faulted for gathering evidence in an attempt to meet that burden. It seems the ALJ considered it significant that Plaintiff underwent the examination through an attorney referral and stated that Plaintiff's actions were "in connection with an effort to generate evidence for the appeal." Tr. at 17. In discrediting Dr. Rocha's opinion, the ALJ improperly took into consideration the fact that Plaintiff's counsel procured it. When combined with the two other points of error discussed below, reversal and remand is required for the ALJ to reconsider Dr. Rocha's opinion.[5]

Second, Plaintiff claims that the ALJ discredited Dr. Rocha's opinion because it "is supposedly inconsistent with the objective evidence[,]" Pl.'s Br. at 11, when according to Plaintiff, the opinion is actually consistent with the objective evidence, see id. at 13. Although the ALJ recited a recognized "good cause" reason for discounting Dr. Rocha's opinion -- i.e., the opinion is not supported by the objective medical evidence or the record as a whole -- without more, this recitation is insufficient. The ALJ did not explain his reasoning with any specificity. Cf. Gayler v. Astrue, No. 5:07-cv-121-Oc-GRJ, 2008 WL 4327050, at *6 (M.D. Fla. Sept. 18, 2008) (unpublished) (reversing and remanding ALJ's decision to discount a

---

[5] Defendant contends that the ALJ only pointed out that Plaintiff saw Dr. Rocha through an attorney referral in order to explain that Dr. Rocha was not a treating physician, and therefore, "[t]he ALJ's consideration of the fact that Dr. Rocha did not treat Plaintiff was proper under the regulations." Memorandum in Support of the Commissioner's Decision (Doc. No. 18; "Def.'s Mem."), filed April 23, 2013, at 5-6 (citation omitted). Apparently, Defendant is attempting to explain away or minimize the ALJ's comments in this regard. Defendant's explanation, regardless of whether it is supported by substantial evidence, cannot bolster or replace the ALJ's reasons.

treating physician's opinion when "the ALJ failed to explain or even provide a clue as to how [the treating physician's] opinion was inconsistent with other record medical evidence"); Russ v. Astrue, No. 3:07-cv-1213-J-MCR, 2009 WL 764516, at *10 (M.D. Fla. Mar. 20, 2009) (unpublished) (finding an ALJ's "dismissal" of a treating physician's opinion was "deficient" when the ALJ noted the opinion "was 'not supported by objective findings,'" but did not provide any explanation for the reason) (quoting ALJ's Decision). Without the ALJ clearly articulating an explanation for rejecting Dr. Rocha's opinion, judicial review is frustrated because the Court cannot determine whether the ALJ's conclusions were rational and supported by substantial evidence.

The failure to explain how Dr. Rocha's opinion allegedly is not supported by the record as a whole is particularly problematic because there is evidence in the record that would tend to be consistent, rather than inconsistent, with Dr. Rocha's opinion. Dr. Rocha presumably based the RFC findings in large part on the fact that Plaintiff has problems with right leg and knee pain. See Tr. at 639-44, 645-46. This appears to be consistent with Plaintiff's continual reporting and treatment of right leg and knee pain since the alleged onset date. See Tr. at 274, 355, 385-87, 488, 561. As another example, Dr. Rocha noted that Plaintiff suffers from abdominal and pelvic pain. Tr. at 645. A review of the record also indicates that Plaintiff consistently reported and was treated for abdominal and pelvic pain. See Tr. at 393-402, 438, 458, 488.

Further compounding the problem with the lack of explanation is the fact that the ALJ elected to rely on two 2009 opinions (one by an examining physician, one by a nonexamining state agency consultant, both rendered more than one year prior to Dr. Rocha's) without

clearly explaining why. The ALJ simply stated, again in conclusory fashion, that those opinions were "largely consistent with the objective physical findings of record and supported by the record as a whole[.]" Tr. at 17.[6]

Third, to the extent the ALJ discredited Dr. Rocha's opinion because the findings are allegedly inconsistent with Plaintiff's testimony concerning her current work activity, Plaintiff argues there is no inconsistency between Dr. Rocha's opinion and Plaintiff's testimony. Pl.'s Br. at 14. In this regard, Plaintiff points out that Dr. Rocha's findings were based on an eight-hour workday, but Plaintiff testified she can only tolerate two to three days of work per week for no more than five hours per day (including a forty-five minute break). Id. (citing Tr. at 43-46).

Plaintiff's testimony about her current work activity is not a model of clarity. Although Plaintiff initially appeared to be confused during the hearing concerning her daily work hours and activity, see Tr. at 45-47, she ultimately stated that she works three and one-half hours per day with a one-half hour break, see Tr. at 47-48. Plaintiff also testified that her employer had recently changed her job to standing as a cashier because walking and re-stocking shelves was too much for Plaintiff. See Tr. at 44.

Dr. Rocha opined that Plaintiff could sit for two hours and could stand and walk for less than two hours in an eight-hour workday. Tr. at 641. One fair reading of Dr. Rocha's opinion is that Plaintiff can sit, stand, and walk for approximately four combined hours in an

---

[6] Regarding Plaintiff's contention that "the ALJ failed to understand the nature of obesity and failed to realize that extreme obesity can exacerbate a medical condition, . . . [,]" Pl.'s Br. at 13, the undersigned notes that Plaintiff weighed 230 pounds at the time of the July 2009 examination. Tr. at 386. Dr. Rocha's examination was conducted in January 2011, when Plaintiff weighed 256 pounds. Tr. at 645-46. Plaintiff gained 26 pounds during the 18-month period in between the opinion at issue and the 2009 opinions, and this could have had an effect on Plaintiff's capabilities.

-10-

eight-hour workday. This reading does not appear to be entirely inconsistent with Plaintiff's testimony wherein she stated that she works three and one-half hours a day, mostly standing, with a one-half hour break. Although the ALJ stated that Dr. Rocha's findings conflicted with Plaintiff's testimony about her work activity, he failed to explain with specificity how they conflicted. The undersigned also notes that Dr. Rocha's responses were in terms of an eight-hour workday, and that Plaintiff's capabilities in an eight-hour workday may differ from Plaintiff's capabilities in a four-hour work day. Without any explanation as to how Dr. Rocha's opinion and Plaintiff's testimony concerning her work activity conflict, the undersigned cannot determine whether the finding in this regard is supported by substantial evidence.

## V. Conclusion

Because the ALJ failed to articulate adequate reasons for discounting Dr. Rocha's opinion, this matter is due to be reversed and remanded. On remand, the Commissioner shall ensure the opinion is properly considered and assigned the appropriate weight. If the opinion is discounted, reasons for doing so should be provided with specificity. Accordingly, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) and pursuant to § 1383(c)(3) **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

    (A) Reevaluate the medical opinion of Dr. Rocha, and state with particularity the weight afforded; if the opinion is discounted, adequate reasons

    showing good cause for discounting it shall be provided and shall be supported by substantial evidence;

  (B) Ensure Plaintiff's other issue raised in this appeal is appropriately addressed, if necessary; and

  (C) Take such other action as may be necessary to resolve these claims properly.

2. The Clerk is further directed to close the file.

3. In the event benefits are awarded on remand, Plaintiff's counsel shall ensure that any § 406(b) or § 1383(d)(2) fee application be filed within the parameters set forth by the Order entered in Case No. 6:12-mc-124-Orl-22 (In Re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) and 1383(d)(2)).

**DONE AND ORDERED** at Jacksonville, Florida on December 30, 2013.

                 _____
                  JAMES R. KLINDT
                  United States Magistrate Judge

mh.

Copes to:
Counsel of Record